## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FIRST CHOICE MASONRY, INC.**<br>1818 New York Avenue, NE<br>Suite 220<br>Washington, DC  20002<br><br>   *Plaintiff,*<br><br>v.<br><br>**MOSELEY CONSTRUCTION<br>GROUP, INC.**<br>46050 Manekin Plaza<br>Suite 100<br>Sterling, VA 20166-6519<br>(LOUDOUN COUNTY)<br><br>  SERVE ON: Johnny D. Moseley<br>       Resident Agent<br>       46050 Manekin Plaza<br>       Suite 100<br>       Sterling, VA 20166-6519<br>and<br><br>**SELECTIVE INSURANCE<br>COMPANY OF AMERICA**<br>40 Wantage Avenue<br>Branchville, NJ  07890<br><br>  SERVE ON: Selective Insurance Co.<br>       of America<br>       Attn: Corporate Paralegals<br>       40 Wantage Ave.<br>       Branchville, NJ 07890<br><br>   *Defendants.* | Civil Action No.: _____ |

## COMPLAINT

Plaintiff First Choice Masonry, Inc. ("FCM" or "Plaintiff"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, files this Complaint against Defendant Moseley Construction Group, Inc. ("Moseley") and Defendant Selective Insurance Company of America ("Selective") (collectively, "Defendants"), and states:

## PARTIES

1.      Plaintiff FCM is a Maryland corporation in good standing in the District of Columbia with its principle place of business at 1818 New York Avenue, NE, Suite 220, Washington, DC  20002. Plaintiff FCM is in the business of providing construction services, including but not limited to masonry work, in the District of Columbia.

2.      Defendant Moseley is a Virginia corporation, with its principal place of business at 46050 Manekin Plaza, Suite 100, Sterling, VA 20166-6519.  Defendant Moseley is a multi-family general contractor specializing in renovation and new construction projects in the Greater DC Metropolitan Region.

3.      Defendant Selective is a New Jersey corporation with its principal place of business at 40 Wantage Avenue, Branchville, NJ  07890.  Selective provides surety bonds for construction projects, among other things.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper against Mosely pursuant to 28 U.S.C. § 1391 because Moseley carries on

a regular business in Washington, DC and a substantial part of the events giving rise to the claims

occurred within this judicial district.

6.      Venue is proper against Selective in this Court pursuant to 28 U.S.C. § 1391 because

Selective carries on regular business in Washington, DC and a substantial part of the events giving

rise to the claims occurred within this judicial district.

## FACTS

### A.      Construction Contracts

7.      On or about June 30, 2017, Moseley entered into a contract with 5th Street Partners, LLC

("Owner") for the construction of the District of Columbia's Short-Term Family Housing Facility

in Ward 4, located at 5505 5th Street NW, Washington, DC (the "Project").

8.      On or about November 16, 2017, Moseley and FCM entered into a contract (the

"Subcontract") where FCM would perform certain work ("Work") on the Project in exchange for

the base contract amount of Five Hundred Twenty-Seven Thousand One Hundred Four Dollars

($527,104.00).  A copy of the Subcontract is attached as *Exhibit 1*.  The section of the Subcontract

detailing the Work FCM was to perform under the Subcontract is located in Exhibit A – Scope of

Work to *Exhibit 1*.

9.      In addition to performing the Work detailed in the Subcontract, FCM also performed work

outside the Work set forth in the Subcontract ("Change Order Work") at the direction of Moseley.

10.     This Change Order Work includes, but is not limited to, the following:

      a.      P-1 for $6,240.13, regarding work for the demolition of a 140 LF wall;

      b.      P-2 for $17,163.00, regarding infill of the East wall undergarage slab with 12" CMU;

c.    P-3 for $9,700.99, regarding infill for a masonry wall;

d.    SR 3A for $14,445.30, regarding additional scaffolding rental costs;[1]

e.    SR 4B for $6,412.00, regarding additional time and material concerning CMU work for elevator, West wall and trash chute;

f.    SR 5B for $786.00, regarding additional time and material work concerning additional demolition work at North-West wall;

g.    SR 6 for $12,500.00, regarding additional time and material concerning additional demolition work for the East elevation;

h.    SR 7 for $4,537.00, regarding equipment costs for not being able to use the equipment due to a permitting issue;

i.    SR 8A for $2,092.00, regarding additional time and material work concerning an unforeseen condition for April 5, 2018;

j.    SR 8B for $1,024.00, regarding additional time and material work concerning an unforeseen condition for April 6, 2018;

k.    SR 8C for $1,604.00, regarding additional time and material work concerning work at North-East window on April 12, 2018;

l.    SR 8J for $1,085.00, regarding additional time and material work concerning work for the  built curtain wall on April 24, 2018;

m.    SR 8K for $1,604.00, regarding additional time and material work concerning work at North-East window on April 12, 2018;

n.    SR 8L for $1,432.00, regarding additional time and material work concerning the removal of a windowsill on April 27, 2018;

o.    SR 8M-1 for $3,258.00, regarding additional time and material work concerning work at the elevator shaft wall on May 1, 2018;

p.    SR 8M-2 for $789.00, regarding additional time and material work concerning a door opening and window on May 1, 2018;

q.    SR 8N for $4,118.00, regarding additional time and material work concerning for a door opening at the stair on May 2, 2018;

r.    SR 8O for $2,235.00, regarding additional time and material work concerning passthrough work at the stair on May 4, 2018;

s.    SR 8P for $1,044.00, regarding additional time and material work concerning passthrough work on May 7, 2018;

---

[1]  Mosley paid for one month of additional scaffolding rental costs, it did not pay for the other months of additional scaffolding rental costs.

t.   SR 8Q-1 for $2,204.00, regarding additional time and material work concerning passthrough work on May 8, 2018;

u.   SR 8Q-2 for $655.00, regarding additional time and material work concerning work involving the dismantling of scaffolding on May 8, 2018;

v.   SR 8R for $2,612.00, regarding additional time and material work concerning passthrough opening work on May 11, 2018;

w.   SR 8S for $3,121.00, regarding additional time and material work concerning passthrough opening work on May 14, 2018;

x.   SR 8T-2 for $810.00, regarding additional time and material work concerning work for the demolition and repair of a door jamb on May 15, 2018;

y.   SR 8U for $1,911.00, regarding additional time and material work concerning demolition and patch work on the first floor on May 16, 2018;

z.   SR 8V for $1,882.00, regarding additional time and material work concerning work involving the dismantling of scaffolding on May 21, 2018;

aa.  SR 8W for $939.00, regarding additional time and material work concerning installation and insertion of concrete in wall on May 7, 2018;

bb.  SR 8X for $2,921.00, regarding additional time and material work concerning the patching and adjustment of a course at the window on May 3, 2018;

cc.   SR 8Y for $2,441.00, regarding additional time and material work concerning work for cut CMU for 10' lintel on April 25, 2018;

dd.  SR 8Z for $2,541.00, regarding additional time and material work concerning work making the bricks line up on the first floor on April 26, 2018;

ee.  SR 8AA for $1,355.00, regarding additional time and material work concerning work for building the scaffolding for 10' lintel on April 26, 2018;

ff.   SR 8AB for $2,592.00, regarding additional time and material work concerning work installing the 10' lintel at the fifth floor on April 27, 2018;

gg.  SR 9 for $3,559.00, regarding additional time and material work concerning work for cutting and leveling basement window;

hh.  SR 10 for $4,868.00, regarding additional time and material work concerning scaffolding;

ii.   SR 11 for $3,696.00, regarding additional time and material work concerning clean-up work done at the request of Moseley;

jj.     SR 12 for $833.00, regarding premium time costs for work on Saturday, August 18, 2018;

kk.     SR 13 for $2,121.00, regarding additional time and material work concerning work involved in door frame installation on September 6-7, 2018;

ll.     SR 14 for $2,063.00, regarding additional time and material work concerning work involved in door frame installation on September 10-11, 2018; and

mm.    ASK-21, totaling $62,623.86 and broken down as follows:  a change order for $9,655.78 from July 5, 2018 for demolition work of CMU, resetting of door and installation of new CMU; a change order for $2,301.87 from July 30, 2018 for 4" CMU infill at the planter wall; a change order for $676.77 from July 30, 2018 for changing the height of the CMU from 8" to 12"; a change order for $12,473.88 from August 20, 2018 for work concerning the site wall front; a change order for $10,390.68 from July 30, 2018 for work concerning the rebuilding of stair openings; a change order for $4,288.01 from July 30, 2018 for work concerning the addition of an electric room; a change order for $5,862.87 from July 30, 2018 for work concerning the patching of the basement walls; a change order for $11,504.10 from July 30, 2018 for work concerning tooth-in around the doors to the elevators; a change order for $1,733.04 from September 11, 2018 for work concerning the waterproofing of the site wall; and a change order for $3,736.86 from August 22, 2018 for work concerning the repair of the waterproof foundation wall.

11.    In a meeting during the Fall 2018, Mosely verbally agreed to pay FCM for this Change Order Work, as detailed in Paragraph 10 of this Complaint.

12.    Despite FCM's many requests and demands to Moseley to pay FCM, Moseley has refused to pay.

### B.     The Payment and Performance Bonds

13.    On or about May 3, 2018, Selective issued payment and performance bonds in connection with the Project, including but not limited to those bonds numbered B 1200854 (the "Bonds"), where Moseley was the Principal, Owner and the District of Columbia Department of General

Services were the Obligees and Selective was the Surety.  A copy of the Bonds is attached as *Exhibit 2*.

14.     On December 13, 2018, FCM submitted its Notice of Payment Bond Claim to Selective.

15.     On July 15, 2019, FCM submitted its Amended Proof of Claim (the "Amended Claim") to Selective.

16.     Despite FCM's many requests and demands to Selective to pay the Amended Claim, Selective has refused to pay.

<u>**COUNT ONE**</u>
**(Breach of Contract – Against Moseley)**

17.     Plaintiff incorporates by reference as if fully stated herein Paragraphs 1-16.

18.     Moseley has materially breached its contractual obligations to FCM by:

      a.     failing to pay for Work performed pursuant to the Subcontract;

      b.     directing Winkler to perform work other than the Work set forth in the Subcontract and then refusing to pay for this Change Order Work; and

      c.     failing to pay the Change Order Work pursuant to a verbal agreement made between Moseley and FCM in the Fall 2018.

19.     As a result, FCM has suffered damages in excess of One Hundred Ninety-Six Thousand Seven Hundred Eighty-Five Dollars and Twenty-Eight Cents ($196,785.28).

WHEREFORE, Plaintiff demands judgment against Defendant Moseley in its Breach of Contract Claim in an amount in excess of One Hundred Ninety-Six Thousand Seven Hundred Eighty-Five Dollars and Twenty-Eight Cents ($196,785.28), plus pre-judgment and post-judgment interest and costs, including attorneys' fees, as well as any other relief this Court deems appropriate.

7

## COUNT TWO
### (Action on Payment Bond – Against Selective)

20.     Plaintiff incorporates by reference as if fully set forth herein Paragraphs 1-19.

21.     FCM has satisfied all pre-requisites set forth in the Bonds to bring a claim against Selective for Action on Payment Bond.

22.     Notwithstanding FCM's compliance with the terms of the Bonds and its demand for money rightfully due and owing to it, Selective has failed and refused to pay FCM.

23.     As a result, FCM has suffered damages in excess of One Hundred Ninety-Six Thousand Seven Hundred Eighty-Five Dollars and Twenty-Eight Cents ($196,785.28).

        WHEREFORE, Plaintiff demands judgment against Defendant Selective in its Action on Payment Bond Claim in an amount in excess of One Hundred Ninety-Six Thousand Seven Hundred Eighty-Five Dollars and Twenty-Eight Cents ($196,785.28), plus pre-judgment and post-judgment interest and costs, including attorneys' fees, as well as any other relief this Court deems appropriate

## COUNT THREE
### (Claim Under the District of Columbia's Little Miller Act (DCLMA), D.C. CODE §§ 2-201.02 *et seq.* – Against Selective)

24.     Plaintiff incorporates by reference as if fully stated herein Paragraphs 1-24.

25.     FCM supplied labor and materials for the construction of the Project, a public project in the District of Columbia.  The value of all applicable contracts exceeded $5,000,000.00.

26.     FCM has not been paid for the labor, materials and equipment in the prosecution of its Work for the Project.

27.     Having not been paid for labor, materials, and equipment, FCM brings this claim pursuant to the DCLMA, D.C. CODE § 2-201.02, seeking recovery from Selective under Moseley's Bonds.

28.     FCM has requested payment for the labor, materials and equipment supplied during the performance of its Work on the Project; however, Selective refuses to make payment pursuant to the Bonds.

29.     As a result, FCM has suffered damages in excess of As a result, FCM has suffered damages in excess of One Hundred Ninety-Six Thousand Seven Hundred Eighty-Five Dollars and Twenty-Eight Cents ($196,785.28).

WHEREFORE, Plaintiff demands judgment against Defendant Selective in its DCLMA Claim in an amount in excess of One Hundred Ninety-Six Thousand Seven Hundred Eighty-Five Dollars and Twenty-Eight Cents ($196,785.28), plus pre-judgment and post-judgment interest and costs, including attorneys' fees, as well as any other relief this Court deems appropriate.


Dated:  September 10, 2019                    Respectfully submitted,


                                        _____/s/_____
                                        Matthew G. Hjortsberg (Bar No. 463953)
                                        hjortsberg@bowie-jensen.com
                                        BOWIE & JENSEN, LLC
                                        210 W. Pennsylvania Avenue, Suite 400
                                        Towson, Maryland 21204
                                        Telephone:  (410) 583-2400
                                        Facsimile:  (410) 583-2437

                                        *Attorneys for Plaintiff*
                                        *First Choice Masonry, Inc.*